UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEANNE CHARLENE McLAUGHLIN, | No. CV 14-9908-PLA |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on December 30, 2014, seeking review of the Commissioner's denial of her application for Supplemental Security Income ("SSI") payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on January 30, 2015, and February 15, 2015. Pursuant to the Court's Order, the parties filed a Joint Stipulation ("Joint Stipulation" or "JS") on September 14, 2015, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

**II.**

## BACKGROUND

Plaintiff was born on October 12, 1960. [Administrative Record ("AR") at 207.] She has past relevant work experience as a sales supervisor and as a customer service representative. [AR at 30, 68.]

On October 17, 2011, plaintiff filed an application for SSI payments, alleging that she has been unable to work since January 1, 2011. [AR at 23, 207.] After her application was denied initially and upon reconsideration, plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). [AR at 111-13.] A hearing was held on October 16, 2012, but the ALJ ended the hearing to order two consultative examinations for plaintiff. [AR at 71-92.] A supplemental hearing was held on July 24, 2013, at which time plaintiff appeared represented by an attorney, and testified on her own behalf. [AR at 45-70.] A vocational expert ("VE") also testified. [AR at 67-70.] On August 5, 2013, the ALJ issued a decision concluding that plaintiff was not under a disability from October 17, 2011, the date the application was filed. [AR at 23-30.] Plaintiff requested review of the ALJ's decision by the Appeals Council. [AR at 17-19.] When the Appeals Council denied plaintiff's request for review on November 3, 2014 [AR at 1-5], the ALJ's decision became the final decision of the Commissioner. See Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam) (citations omitted). This action followed.

### III.
### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010) (citation omitted).

"Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008) (citation and internal quotation marks omitted); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)

(same). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) (citation omitted); see Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence.") (citation and internal quotation marks omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Ryan, 528 F.3d at 1198 (citation and internal quotation marks omitted); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, [the reviewing court] may not substitute [its] judgment for that of the ALJ.") (citation omitted).

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

**A.    THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995), as amended April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability

to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. Id. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. Id. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

B.   **THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 17, 2011, the application date. [AR at 25.] At step two, the ALJ concluded that plaintiff has the severe impairments of status post stomach surgery; chronic pancreatitis; degenerative disc disease; and torn right knee cartilage. [Id.] At step three, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meets or medically equals any of the impairments in the Listings. [AR at 26.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[1] to perform sedentary work as defined in 20 C.F.R. §

---

[1]   RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149,
(continued...)

416.967(a),[2] with the following limitations:

> [S]tanding and/or walking with a cane for two hours out of an eight hour workday with a sit/stand option every 30 minutes; sitting six hours out of an eight hour workday with a sit/stand option every 30 minutes; no climbing ladders, ropes, and scaffolds; requires a cane to ambulate; no walking on uneven terrains; occasionally stooping, kneeling, crouching, balancing, and crawling; occasional right foot controls; and no exposure to unprotected heights.

[AR at 27.] At step four, based on plaintiff's RFC and the testimony of the VE, the ALJ concluded that plaintiff is able to perform her past relevant work as a sales supervisor and a customer service representative. [AR at 30, 68-70.] Accordingly, the ALJ determined that plaintiff was not disabled at any time from the application date of October 17, 2011. [AR at 30.]

## V.

## **THE ALJ'S DECISION**

**A.     PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ erred when he determined that plaintiff could perform her past relevant work. [JS at 4.]

As set forth below, the Court agrees with plaintiff and remands for further proceedings.

**B.     PAST RELEVANT WORK**

At step four, plaintiff bears the burden of showing that she does not have the RFC to engage in "past relevant work." Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001) (citing 20 C.F.R. § 416.920(e); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). If plaintiff can perform her past relevant work, then she is not disabled. If she cannot so perform, or if she does not have any

---

[1](...continued)
1151 n.2 (9th Cir. 2007) (citation omitted).

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

past relevant work, then the ALJ moves to step five, in which he determines if plaintiff has the RFC to do other substantial gainful work. Lewis, 236 F.3d at 515. Although plaintiff has the burden of proof at step four, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001) (citing 20 C.F.R. §§ 416.974, 416.965; Social Security Ruling ("SSR")[3] 82-61).

Here, the ALJ stated the following hypothetical to the VE:

> A 52-year-old individual -- okay, a GED for education, same work experience the Claimant had. Limitations are no climbing ladders, ropes or scaffolds, needs cane to ambulate, no walking on uneven terrain, no more than occasional stoop, kneel, crouch, crawl. Needs to -- pardon me, shift positions from sitting to standing or standing to sitting at 30-minute intervals as needed. No more than occasional use -- or no more than occasional foot control, no more than occasional balancing. Lifting would be let's say 10 pounds occasionally and 10 pounds frequently. Standing, walking, two-hour max in an eight-hour day, but you know, as I indicated for both, it's alternating as needed. No work at unprotected heights.

[AR at 68-69.] The VE stated that the hypothetical individual could perform the occupations of sales supervisor and customer service representative. [Id.]

Plaintiff contends that the testimony of the VE conflicts with the job descriptions in the Dictionary of Occupational Titles ("DOT") for the jobs at issue, and that the ALJ did not elicit a reasonable explanation for this conflict. [JS at 7.] Specifically, plaintiff argues that the ALJ erred because the DOT job descriptions for her past relevant work do not include a sit/stand option, and the ALJ did not elicit testimony from the VE as to whether her opinion was consistent with or deviated from the DOT descriptions for those occupations for an individual needing a sit/stand option at thirty-minute intervals as needed. [Id. (citations omitted).] Therefore, "there is no support for this deviation from the DOT." [Id.] She also argues that the error is not harmless "because of the potential conflict between [the VE's] testimony and the DOT, as well as the [VE's] insufficient support for his [sic] conclusion that the cited positions offered a sit/stand option." [JS at 10.]

---

[3] "The Commissioner issues [SSRs] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." Holohan v. Massanari, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (citations omitted).

The DOT provides no information regarding the availability of a sit/stand option during the workday for any of the positions it covers. Strain v. Colvin, 2014 WL 2472312, at *2 (C.D. Cal. June 2, 2014). Nor is there any controlling Ninth Circuit law regarding whether an apparent conflict arises when the DOT is silent regarding a physical requirement. See Massachi, 486 F.3d at 1152 (holding that ALJ must ask VE whether testimony conflicts with the DOT)[4]; DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991) (noting that "when a claimant must alternate periods of sitting and standing, the ALJ is directed to consult a vocational expert," but remanding on other bases); Buckner-Larkin v. Astrue, 450 Fed. App'x 626, 628-29 (9th Cir. 2011)  (finding that "conflict" between at-will sit/stand option and DOT was adequately addressed by VE); Forrest v. Comm'r of Soc. Sec., 591 Fed. App'x 359, 364 (6th Cir. 2014) (finding no apparent conflict between sit/stand requirement and DOT; rather, VE's testimony "supplemented" the DOT); Zblewski v. Astrue, 302 Fed. App'x 488, 494 (7th Cir. 2008) (same).  In fact, district courts in this circuit are divided as to whether there is a conflict with VE testimony where the DOT is silent on a job requirement, including a sit/stand option. See  Wester v. Colvin, 2015 WL 4608139, at *5 (C.D. Cal. July 31, 2015) (citing cases); House v. Colvin, 2015 WL 4662658, at *5 (E.D. Cal. Aug. 5, 2015) (citing cases).  However, because the VE was not asked and, therefore, did not acknowledge, that there may be a conflict between her testimony and the DOT with respect to the sit/stand option, neither the VE's testimony nor the ALJ's decision explained or justified any potential or apparent conflict between the two.  See Pearce v. Astrue, 2009 WL 3698514, at *4 (W.D. Wash. Nov. 3, 2009)

---

[4] It is not clear whether application of Massachi is appropriate here as that case concerns consistency between VE testimony regarding whether a claimant could perform *other* jobs in the national economy and the standards set forth for those jobs in the DOT. Massachi, 486 F.3d at 1152-54; see also Soc. Sec. Ruling 00-4p. Thus, the need to consider the DOT's occupational evidence arises when considering whether a claimant is capable of adjusting to *other* work in the national economy and the ability to perform such work at step five, not when considering whether a claimant can continue to perform her past relevant work at step four. This distinction was not raised by the parties. Here, however, the ALJ specifically stated that he compared plaintiff's RFC with the physical and mental demands of the two occupations plaintiff previously held and considered the VE's testimony in finding that plaintiff can perform the positions as "generally performed." [AR at 30.] The ALJ also specifically found that the VE's testimony is "in accordance with the [DOT]." [Id. (citing Soc. Sec. Ruling 00-4p).] The Court will assume, without deciding, therefore, that Massachi and Social Security Ruling 00-4p are applicable.

(where VE "merely testified" that there could be a sit/stand option, the testimony was not sufficient to provide a reasonable explanation for the deviation); Valenzuela v. Astrue, 2009 WL 1537876, at *3 (N.D. Cal. June 2, 2009) (a conflict may exist even if VE testimony does not directly contradict DOT information, and any potential inconsistency is sufficient to warrant inquiry). Here, the ALJ stated -- with no actual input from the VE -- that the VE's testimony was "in accordance with the [DOT]." [See AR at 30.]

While under some circumstances the failure to inquire of the VE regarding any conflict between her testimony and the DOT may be harmless error, the restriction to sedentary work, which requires primarily sitting but "may involve walking or standing for brief periods of time," largely requires one particular posture for much of the day. DOT Nos. 249.137-026, 240.362.026. The Court finds that under the circumstances of this case, including the facts that plaintiff is capable of only sedentary level work and requires a sit/stand option every thirty minutes as needed, and that plaintiff must use a cane when standing or ambulating,[5] the ALJ's failure to seek clarification

---

[5] The Court notes that the ALJ relied "most heavily" on the opinion of the consultative orthopedic examiner because "it is more consistent with the other evidence of record regarding the claimant's right knee pain and limitations." [AR at 29.] The orthopedic consultative examiner specifically found that when using a cane plaintiff is unable to use her free hand to carry *small objects*. [AR at 327.] The ALJ does not address this finding or provide any reason for rejecting it. See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (an ALJ is not required to discuss all the evidence presented, but must explain the rejection of uncontroverted medical evidence, as well as significant probative evidence); see also Holohan v. Massanari, 246 F.3d 1195, 1207 (9th Cir. 2001) (ALJ may not selectively rely on some entries and ignore others to support the conclusion that the claimant is not disabled). Indeed, as plaintiff points out, after the VE testified that the hypothetical individual could perform both of plaintiff's previous jobs, plaintiff herself asked "how am I supposed to lift 10 to 20 pounds with my left hand when my right hand is holding a cane"? [JS at 5 (citing AR at 70).] The ALJ then asked the VE to "assume the same hypothetical given with the additional limitation -- when ambulating with the cane, *no* carrying of anything or lifting." [AR at 70 (emphasis added).] The VE responded: "I don't think my testimony would fit [INAUDIBLE]." [Id.] Given the ALJ's RFC findings that plaintiff must use a cane to stand or ambulate, that she must be able to alternate standing and sitting every thirty minutes as needed, can stand and/or walk up to two hours in a workday, and that she can lift up to ten pounds occasionally, as well as the VE's apparent testimony that an individual who is unable to lift anything when ambulating with a cane would not be able to perform plaintiff's past relevant work, the ALJ on remand shall also specifically address whether he accepts or rejects the orthopedic consultative examiner's finding that plaintiff is unable to use her free hand to carry small objects when ambulating with a cane, and the effect, if any, of this limitation on plaintiff's
(continued...)

from the VE as to whether plaintiff's past relevant work in the sedentary positions of sales supervisor and customer service representative provides for a sit/stand option every thirty minutes as needed, was not harmless error.

Remand is warranted on this issue.

## VI.
## REMAND FOR FURTHER PROCEEDINGS

The Court has discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Lingenfelter v. Astrue, 504 F.3d 1028, 1041 (9th Cir. 2007); Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. See Benecke, 379 F.3d at 593-96.

In this case, there are outstanding issues that must be resolved before a final determination can be made. In an effort to expedite these proceedings and to avoid any confusion or misunderstanding as to what the Court intends, the Court will set forth the scope of the remand proceedings. First, because the DOT job descriptions for plaintiff's past relevant work do not include a sit/stand option, the ALJ must elicit testimony from a VE as to whether plaintiff's past relevant work provides an option to alternate sitting and standing every thirty minutes as needed and the reasons, if any, for any deviation from the DOT descriptions for these sedentary occupations. Second, the ALJ shall also specifically address whether he accepts or rejects the orthopedic consultative examiner's finding that plaintiff is unable to use her free hand to carry small objects when ambulating with a cane, and the effect of this limitation, if any, on plaintiff's

---

[5](...continued)
ability to perform her past relevant work. The ALJ on remand should obtain additional testimony from a VE on this issue if necessary.

ability to perform her past relevant work. Finally, if warranted, the ALJ shall reassess plaintiff's RFC and determine at step four, with the assistance of a VE if necessary, whether plaintiff is capable of performing her past relevant work as a sales supervisor and a customer service representative. If she is not so capable, then the ALJ should proceed to step five and determine, with the assistance of a VE if necessary, whether there are jobs existing in significant numbers in the regional and national economy that plaintiff can still perform.

## VII.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: September 22, 2015

                                        PAUL L. ABRAMS
                      UNITED STATES MAGISTRATE JUDGE